The next case is Wayne Wakefield v. Illinois State Police. Mr. Schmidt and Mr. McNeil. Would you like to begin, Mr. Schmidt? Thank you, Your Honors. And may it please the Court, I'm John Schmidt. I'm an Assistant Attorney General for the State and I'm representing the Department of the State Police in this matter. This case concerns a 2007 expungement for directing the expungement of Mr. Wakefield's domestic battery conviction. Can I ask you to speak up just a little bit, Mr. Schmidt? Oh, I'm sorry, Your Honor. Getting a little hard of hearing or something? No, I'm sorry. It's okay. This case involves a 2007 order directing the expungement of Mr. Wakefield's domestic battery conviction. Mr. Wakefield's counsel has not contested the State Police's argument that that order was wrongfully entered and that's because under Section 5 of the Criminal Identification Act, and I'm speaking of the version that was in effect at the time of the expungement order, the expungement would have been proper only if Mr. Wakefield had been acquitted, which he was not. He was sentenced to and successfully completed supervision. He didn't receive that sentence. Or he received probation under certain specified statutory provisions, and that's not the case either. What he received was a sentence of conditional discharge, which is different than supervision. If supervision is completed successfully, the conviction is then dismissed, and that's not true in conditional discharge. Conditional discharge generally helps somebody to avoid physically serving in prison but doesn't wipe out the conviction. So given that the order was wrongfully entered, really the issue here is, could anything be done about it when the State Police challenged the order in January 2012? And I think that's the main thing for the court to focus on. Our argument is yes, and the principal reason is that we argue that the case is void, and we've tried to cite all the relevant cases that would help the court make a determination as to whether the order is void. The ones we rely on most are the Illinois Supreme Court's Bushnell decision and the Second District Appellate Court's Thine decision, both of which have held that expungement orders not entered in conformance with the statute are void. What we have also acknowledged, though, is that between 2001 and 2003, the Supreme Court in three decisions stated a general rule that circuit court subject matter jurisdiction is not implicated by a failure to follow the statute outside the context of administrative review. Our argument in counter to that, our principal argument, would be that in a case called People v. Howard, subsequent to those three cases, and that was an expungement case. It had an expungement issue. The Supreme Court did cite Bushnell, its prior decision saying that expungement decisions that are not entered in compliance with the statute are void. Howard cited Bushnell with approval, and the Howard Court cited it for the proposition that without appropriate legislation, a court is without authority to expunge a record of conviction. Also, the Supreme Court has explicitly, after the three cases we talked about, setting forth the general rule that I mentioned, the Supreme Court explicitly recognized one exception, and that's criminal sentencing. In a case called People v. Thompson and in other cases, they said that sentencing orders not entered in conformance with the statute are void. This is not a sentencing order here, and we acknowledge that, but it does bear some similarity. Sentencing orders are orders that set out the punishment and the consequences that flow from a conviction, and expungement orders can also implicate the consequences that flow from a conviction. In this case, one consequence would have been the right to possess firearms, because under federal law, somebody convicted of this type of offense cannot possess firearms, and under state law, too, that can serve as a basis for denying a firearm owner's identification card. So that's one consequence that would flow from a domestic battery conviction. And another one would be, and we mentioned in our brief, I believe, that Statute of Art Provision 720-ILCS 5-12-3.2b. Under that provision, a second domestic battery conviction would be elevated from a misdemeanor to a class 4 felony. So that is why the state police believe, in spite of the three decisions which we've acknowledged, that this order should nonetheless be considered void. We believe the Howard Court incited the Bush v. Bushnell at the Bushnell principle with approval has indicated that it would recognize that exception, although they did not come out and explicitly say that they would recognize that exception. But so that's our primary position, that the order would be void for those reasons. Let me ask you this. In my court, the expungement order was entered on March 23, 07, and not sent to the state police until October of 11. Correct. Well, your opponent contends that the state police had knowledge of the trial court order as early as 07. What he did was cite a document from outside the record, and I think, despite being outside the record, it appears that that's a document from the state police to Mr. Wakefield's counsel, and I'm not denying that. It's not... I think from that document, I would say it's likely the state police had noticed at that time. It's not 100% clear. The record letter does not refer to the court order itself. It only discusses why Mr. Wakefield's convict would not have a right to have his conviction expunged. The state police's... That sort of leads into my alternative argument, which is even if the order is not void, it was arguably still challenged within the two-year deadline. We say the deadline would be measured from October 25, 2011, because the Criminal Identification Act requires the court to serve expungement orders on the state police, which didn't happen until 2011. And we believe that the statute making orders final within, I believe, 30 days of notice, it would refer to that notice, that those provisions. It makes sense to read those provisions together because otherwise you could have a situation arise where no notice is given for several years. The court's notice is not sent out for several years, and the right to a 214.01 petition is extinguished before the order becomes final under the statute. But I don't have too much more to say.  That latter argument is one that was not raised by the state police below. So it is a forfeited argument, and I have to acknowledge that. We would say the court has some power to ignore, or some ability to ignore forfeiture, and we would ask that the court do that in a situation like this in light of the importance of accurate record-keeping of convictions and the effects that expungement would have in terms of what I spoke of before. It's a wrongful expungement also wrongfully removes collateral consequences that are supposed to flow from a conviction. And for those reasons, we do ask the court to reverse, first to reverse the circuit court's order on the basis that the expungement order would be void and could be challenged at any time. And in the alternative, if the order's not void, then what we're asking for is a remand, which would be necessary to determine if there was due diligence on the part of the state police in raising this challenge. However, as I've acknowledged, and as Mr. Neal has correctly argued, that is a forfeited argument, but that was not raised below. And I thank the court. Thank you, Mr. Schmidt. Mr. Neal? Good afternoon, Your Honor. My name is James M. Neal, and I'm here on behalf of Wayne Wakefield in this matter. By way of preface to my argument, I would like to direct the court's attention to the basic timeline in this case, which is that Mr. Wakefield was, in fact, as counsel has indicated, convicted of a domestic battery misdemeanor in 1997 and placed on conditional discharge. Now, Mr. Wakefield initially filed his petition to expunge that conviction on December 8, 2006. On March 23 of 2007, there was an expungement order which was issued by the court. The court served that notice upon all parties on October 25, 2011. The Department of State Police filed its initial motion to vacate that order on January 18 of 2012. Now, there's two matters here, I think, which are for the court. One is, was this, in fact, a void order that was issued by the trial court in 2007? It is our position, Your Honors, that this was not, in fact, a void order, and we rely upon a case that has been decided by both parties in this case, which is Steinbrecher v. Steinbrecher. It's our position, Your Honors, that the Department of State Police is incorrectly using the term inherent authority in determining whether or not the trial court's order in this case was void. We believe that a careful reading of Steinbrecher v. Steinbrecher indicates that, in fact, that is not a test to determine what is or is not a void order. I think Steinbrecher, the Supreme Court in Steinbrecher, made it quite plain that whether an order or a judgment is void is whether or not the court had jurisdiction over the person and the subject matter. And that is stated quite explicitly by the Supreme Court in Steinbrecher. That is to say, if you've got that... Mr. Neal, let me ask you about Steinbrecher. You saw the dissent in Steinbrecher? Yes. And this was a partition suit, right? And so in Steinbrecher, it was all about you didn't have a public sale, you had a private sale. So those kind of ministerial kinds of acts were not followed. Here you have a person who, under the expungement statutes, would not have been eligible for expungement. Do you agree with that? I do agree with that. That is to say, under the law as it existed in 2007, that is correct. So the court could have jurisdiction over the person and the subject matter, but can exceed its jurisdiction, which would make an order void. Do you agree with that principle of law? No, I do not, based upon majority opinion in Steinbrecher. Well, what about Bushnell that says that? Bushnell, of course, was prior to Steinbrecher, and moreover, at that time, at the time that the Bushnell decision was made, there was a specific provision in the expungement statute which indicated that orders entered beyond the authority given by that particular statute were void. That particular language was removed from the statute by the act effective January 1 of 2010. That is to say, when the department challenged this court's order, that language no longer existed. Bushnell was held in part upon that specific language that was contained in that statute at that time. For whatever reasons, the legislature, when it amended the expungement act, removed that language. It removed the specific language that said the court exceeds its authority by granting an expungement that's not allowed by the statute. It is a void order. But that is no longer existing. Moreover, we would argue, as we do in our briefing here, I want to emphasize that this is a remedial that the amendment in regard to whether or not it is void and whether or not it applies is remedial and is retroactive in nature. Our position is that the Department of State Police had to take the law as it was when they challenged this order. And at the time, the Department of State Police challenged this order. That language on which Bushnell relied was not there. So that would be my response to the court's inquiry in that regard. I think that's significant. Just to make sure I understand, was that language in the statute at the time the expungement order was entered? It was, Your Honor. The expungement order was entered in 2007. The amendment to which I refer was effective January 1 of 2010. But even though it was in the statute at the time the expungement order was entered, your argument is it doesn't apply because of the time they challenged it. It is procedural and remedial in nature. And there was no savings clause in the amending legislation which would indicate that it did not apply. Remedial in the extent that it involved the procedure and what remedies were available to an offendant. If the clerk of the court, though, had given notice properly, not four years later, we would have been under that statute and the state objective, right? If the clerk had issued the notice timely, then it is conceivable that the state would have filed its motion and the court would have considered it under the law as it existed at that time. But that is not, in fact, what occurred here. That was, of course, not an error of the defendant, Mr. Wakefield. That was an act committed by the court or the court clerk. I believe the statute essentially says the court is to serve that notice. The court is to devolve it. Just as a general proposition of law, do you think that courts can exceed their authority and the judgment not be void? As a general principle, I would say no. But, again, in this particular case, there was a remedy available to the state police for seeking the relief it is requesting. This gets into the second part of my argument, which is the act as it was amended provides explicitly that any party who wishes to file a motion to reconsider, to modify, or to vacate an expungement order for any grounds has 60 days to do so within service of the order. That's the act that was passed after this order was amended. That is correct, Your Honor. Again, our position is that that is a retroactive measure and, therefore, getting back to the timeline to which I referenced, it is uncontradictory. As we indicated in our brief, the state police knew about this expungement order in 2007 as evidenced by the response from the state police by Mr. Wakefield's then-counsel in early 2008. But I understand the statute specifically says the service of the order by the court. That was done on October 25, 2011. The department knew on that day of the expungement order. They did not file their motion until January 13, 2012, more than 60 days, more than 60 days. So to get back to the court's initial question, there certainly was relief available to the state if it felt that this order exceeded the authority, that the trial court had exceeded its authority, but it failed to comply with the statute itself when it did not file its motion to vacate within that 60 days. Maybe they were taking the position that the statute applied at the time the judgment was entered. I'm sorry? Maybe they were taking the position that on that issue, the statute that applied was the one that was in existence at the time of the expungement order. That's possible, but that argument is not made by the state in its reply to re-raise these issues, and that has not been addressed by the state, nor have they made that argument up to this point. Well, I think the state says that under any scenario, the expungement would have been invalid. I mean, the state does set out that there's been an amendment. Do you agree with that, that under any scenario, that the expungement of this particular conviction would have been invalid, whether it was under the prior act or present act? Under either act, yes. That is to say there would not have been grounds for expungement for this particular offense. I do not challenge that. Okay, thank you. My point is simply this, that the state, if it were going to challenge that, under the expungement statute had a timeline to follow, and they did not do that, and it was certainly within the trial court's authority to say, you simply filed your motion to bay pay too late, because the statute explicitly says file it within 60 days. Now, again, I want to emphasize, we are not stating here that this was a void order. It was not a void order. So we are not taking the position that the state had an unlimited amount of time to file this motion. The state's back up position is that, well, we may not have filed it within 60 days, but we did file or would have had a right to file it under Section 2-1401 of the Code of Civil Procedure. Our position, as we've outlined in our brief, is this, that one, it was not filed within two years of entry of the order, and the timeline for that does not begin upon the service of the order, but upon its actual entry, and we cite case authority for that in our brief. So we do not believe that argument has any merit to it. They make the argument in their brief that under Section 5.2D11 of the Expungement Act, as it now exists, that that two-year period does not begin to run until the order becomes final. However, I would like to point out to the court that what the state is not indicating in its brief is that that particular section says it's final for purposes of appeal. So I think that that limits it as well. Section 5.2D12, which is, again, the 60-day time period for which an interested party may file a motion to vacate, is particular in nature, and it's our position that for purposes of filing a motion to vacate for an expungement, that that is the time period. It relates to a specific subject matter and, therefore, prevails over the general rule of Section 2-1401, and a case which we do lie upon in that regard, which is not cited in our brief, is Bradshaw v. Sidney Metropolis, 293 LF 3389, 688 North East 2nd, 332 from 1997. Is that a new case that you're citing to the court? No, it's a 19-year-old. Was it in your briefs? It was not in my briefs. And what's the name of it, Brian? Bradshaw v. Sidney Metropolis, 293 LF 3389, 688 North East 2nd, 332. Okay. Mr. Schmidt, would you supply that to him, please? I will. And then we will grant you the opportunity to reply to that case. Your Honor. Yes. Speak up, please. Could I just ask that we have 14 days to reply? Sure. 14 days from whenever you can receive the case. We'll give you 14 days. Thank you. Okay. Please provide that promptly to him, okay? I will, Your Honor. Thank you. So, Your Honor, in summary, it's our position, Mr. Wakefield's position, that, one, the order of the trial court should not be reversed because, one, the order was not a void order based upon how the Supreme Court defines a void order under Steinberger v. Steinberger. The Howard decision, contrary to counsel's argument here today, the Howard decision does not state that an expungement order or order contrary to what is allowed under the statute is void. It does not at any point in that decision does it say it is a void order. It says the court cannot exceed its authority. The court might make a wrongful decision, but the court in Howard never says that that order is void. And, moreover, Howard did not involve a situation where the state was attempting to vacate that order after the 60-day time period. There's no question as to whether or not, in that case, the state had not timely filed its request for removal. The Thon decision, again, which is heavily relied upon by the state, I do not believe would be helpful or applicable precedent here simply because this was prior to the amendments which were made in January of 2010. So it is not a void order. Secondly, the state failed to file its motion to vacate within the 60-day period as required by the statute. So for those reasons, we would ask respectfully that the court affirm the decision of the trial court in this matter. That concludes my argument. Do you have any questions? I have one. And quickly, if the court finds it's not void, what do you have to say about the remand request for timing? Is it clear in the record to you that they received notice and filed their 1401 timely? Our position is, Your Honor, that a remand would not be necessary in this case, first of all because I believe the court can hold here without a remand that the state did not file its motion within 60 days. The 60-day rule, it's our position, trumps the 2-1401. Secondly, the court without a remand can hold or decide that the state did not file a motion to vacate under 2-1401 within two years of entry of the order. And the case that we cite in our brief, Watts v. Medusa, Portland Seamen Company, specifically holds that that two-year period is not dependent upon notice to the other party. That two-year period begins to run with the entry of the order. So our position, Your Honor, is there is no remand. Thank you very much. Thank you, Your Honor. Mr. Schmidt. Your Honor, we've cited a lot of authority in our brief for the proposition that a void order may be challenged at any time. So if the order is void, there would be no deadline for challenging it. Mr. Neal said that the Bushnell case relied on language from Section 5F of the Criminal Identification Act, which did at one time say that orders, expungement orders that were not consistent with the statute were void. There was that statutory provision. But Bushnell did not rely on that provision at all, and I believe that provision wasn't even in effect back in 1984 when Bushnell was decided. It was in effect when Thon was decided, which I believe was 2001. That was the Second District case standing for the same proposition as Bushnell. The Second District mentioned it, but the Second District said in Thon, even in the absence of Section 5F, we would find the expungement orders void because the trial court lacked the inherent power to grant the orders. So the Second District said even if that language from Section 5F wasn't there, the orders would still be void. And our position is that even though that language was taken out on January 1st, effective January 1st, 2010, that doesn't matter. The orders are still void. And we do acknowledge that there's a deadline, the deadline to put the deadline in the Criminal Identification Act to ask for reconsideration or to challenge expungement orders. But that deadline seems more akin to Section 212.03 of the Code of Civil Procedure, which provides a 30-day deadline for motions to reconsider ordinary circuit court judgments. The fact that Section 212.03 imposes that 30-day deadline doesn't negate the right to a challenge under Section 214.01. And we believe similarly the language of the Criminal Identification Act doesn't negate the ability to challenge the orders under Section 214.01 if the Section 214.01 criteria are met. But in this case, if the order is void, then it is subject to challenge under Section 214.01 irrespective of whether the state police exercise due diligence. So, and irrespective of whether they met the two-year deadline, that would be applicable to other orders. So, for those reasons, again, we ask for reversal of the circuit court's order denying the petition to be taken. And if there are no questions. Thank you very much, Mr. Schmidt. Thank you. This case will be taken under advisement.